# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICE R. TABBUTT,<br><br>                    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE,<br><br>                    Defendant. | Case No. 18-cv-2799-BAS-LL<br><br>**ORDER:**<br>**(1) DISMISSING CIVIL ACTION AS FRIVILOUS AND FOR FAILURE TO STATE A CLAIM;**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]** |

      Plaintiff Brice R. Tabbutt has filed a Complaint against "JP Morgan Chase (Two Branches)". (ECF No. 1.) Plaintiff alleges on the civil cover sheet that this Court has federal question jurisdiction over the case and that he is filing under the U.S. Statute "Statute of Limitations (Laws–Equity)." (ECF No. 1-1.) Plaintiff lists the cause of action as "To serve U.S. Government (Handyman)." (*Id.*)

      Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), (ECF No. 2).

**I.    Screening pursuant to 28 U.S.C. § 1915(e)(2)(B)**

    **A.    <u>Standard of Review</u>**

      A complaint filed by *any* person seeking to proceed IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may

be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served.").

Complaints must also comply Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

### B.    Analysis

Plaintiff's Complaint is incredibly unclear.  (ECF No. 1.)  Plaintiff mentions he wants to negotiate with "Jaimie Diamond" so he may settle their many disputes, and it appears Plaintiff intends to refer to Jamie Dimon, the CEO of JP Morgan

Chase. Plaintiff also confusingly lists various countries, refers to "fake wars or news" and states, "Together to Make America Great." (*Id.* at 2.) Plaintiff then proposes a "joint partnership for life" with the U.S. Military. (*Id.* at 4.)

Plaintiff's rambling four-page and incoherent Complaint fails to comply with Rule 8. It is not at all clear under which statute Plaintiff is suing, how the Complaint is connected to the listed Defendant JP Morgan Chase, or how Plaintiff was allegedly wronged. *See McHenry*, 84 F.3d at 1178 (upholding Rule 8 dismissal where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action.") The Court also finds that, because the Complaint is an unintelligible list of random thoughts and not a request for relief, amendment of the Complaint would be futile. *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 711 F.2d 1276, 1293 (9th Cir. 1983) (holding the court does not need to allow futile amendments). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1128, n. 8 (9th Cir. 2000).

## II. Conclusion

Good cause appearing, the Court:

1) **DISMISSES** this civil action, as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii);

2) **DENIES** Plaintiff's Motion to Proceed IFP[1] as moot, (ECF No. 3);

3) **CERTIFIES** that an IFP appeal of this Order of dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). S*ee Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

---

[1] The Court notes that Judge Bencivengo previously dismissed another complaint by Plaintiff as frivolous and for failure to state a claim. *See* 18-cv-750 CAB-NLS (ECF No. 3).

4) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal in this matter and to close the file.

**IT IS SO ORDERED.**

DATED: December 14, 2018

Hon. Cynthia Bashant
United States District Judge